Argued and submitted December 11, 1997, affirmed February 11, petition for review denied August 4, 1998 (327 Or 448)

Norman L. LINDSTEDT
and Merrinell Lindstedt,
*Petitioners,*

*v.*

CITY OF CANNON BEACH,
*Respondent.*

(LUBA No. 96-134; CA A99519)

952 P2d 574

Norman L. Lindstedt argued the cause and filed the brief for petitioners. With him on the brief was Lindstedt, Buono & Welch.

William R. Canessa argued the cause and filed the brief for respondent. With him on the brief was Campbell, Moberg, Canessa, Faber & Hooley, P.C.

Before Landau, Presiding Judge, and Deits, Chief Judge, and Leeson, Judge.

PER CURIAM

## PER CURIAM

Petitioners seek review of LUBA's decision affirming the City of Cannon Beach's denial of a permit that petitioners sought to remove a tree located on their residential property. Petitioners' principal contention is that the city exceeded its regulatory authority by denying the permit and by requiring a permit to remove a single tree from their backyard.

The city's zoning ordinance contains provisions pertaining to the removal of trees. Paragraph 15 of the "General Development Policies" in the city's acknowledged comprehensive plan provides:

"The city shall regulate the removal of trees in order to preserve the city's aesthetic character, as well as to control problems associated with soil erosion and landslide hazards."

Petitioners focus on whether the city's regulation is *authorized* by any state statute pertaining to land use. They do not discuss the quoted plan provision, much less explain why the regulatory authority that it purports to confer is *precluded* by any state statute. Given the acknowledged status of the plan provision and the arguments that petitioners present, petitioners do not demonstrate reversible error in LUBA's conclusion that the city has the requisite regulatory authority. *See* ORS 197.829(1)(d); *Friends of Neabeack Hill v. City of Philomath*, 139 Or App 39, 911 P2d 350, *rev den* 323 Or 136 (1996).

We have considered petitioners' arguments on the other issues they raise and conclude that they do not necessitate discussion.

Affirmed.